UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEWIS FAULKNER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>M. ELIOT SPEARMAN, Warden, High Desert State Prison,<br><br>　　　　Respondent. | No. 1:17-cv-00695-DAD-SKO HC<br><br>**FINDINGS AND RECOMMENDATION THAT COURT DISMISS PETITION AS SECOND OR SUCCESSIVE** |

Petitioner Kenneth Lewis Faulkner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises multiple grounds for relief arising from his 2006 trial in Kern County. Because Petitioner has filed previous habeas petitions concerning the same conviction, the Court is required to dismiss the petition as secondary or successive. The undersigned recommends that it do so.

**I.**　　**Procedural and Factual Background**

On February 8, 2006, following a jury trial in Kern County Superior Court, Petitioner was convicted of one felony count of annoying or molesting a child under the age of eighteen (Cal. Penal Code § 647.6(c)(1)) and two misdemeanor counts of annoying or molesting a child under the age of eighteen (Cal. Penal Code § 647.6). The California Court of Appeal affirmed Petitioner's conviction and sentence on November 16, 2007. The California Supreme Court denied review on February 27, 2008.

///

1

On May 14, 2008, Petitioner filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Faulkner v. Mule Creek State Prison* (E.D. Cal.) (No. 1:08-cv-00806-JMD HC), Doc. 1. The Court denied the petition with prejudice on October 21, 2009. *Id.*, Doc. 31.

On July 14, 2011, Petitioner filed a second § 2254 petition. *See Faulkner v. Knipp* (E.D. Cal.) (No. 1:11-cv-01163-LJO-MJS HC) Doc. 1. On November 22, 2011, the Court dismissed the petition as second or successive and declined to issue a certificate of appealability. *Id.*, Doc. 13. Petitioner sought to file a notice of appeal in the U.S. Court of Appeal for the Ninth Circuit, which also denied a certificate of appeal.

Petitioner filed the above-captioned petition on May 19, 2017. On June 1, 2017, Petitioner filed another, substantially similar, petition. *Faulkner v. Davies* (E.D. Cal.) (No. 1:17-cv-00752-JLT HC).

**II.    No District Court Jurisdiction Over a Second or Successive Petition**

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). This means that a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals. *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997).

Petitioner has not secured leave from the Ninth Circuit Court of Appeals to file the above-captioned petition. Accordingly, the Court must dismiss it for lack of jurisdiction.

**III.   Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that the petition is a second or successive petition to be debatable or wrong, or conclude that the issues presented require further adjudication. Accordingly, the Court should decline to issue a certificate of appealability.

*///*

## IV. Conclusion and Recommendation

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus as second or successive and decline to issue a certificate of appealability. Despite the denial of a certificate of appealability, the dismissal is without prejudice to Petitioner's seeking leave to file a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 12, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE